IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| MORGAN EUGENE ARNOLD III, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 7:11-CV-00118 (HL) |
| UNITED PARCEL SERVICE, INC., | : | |
| Defendant. | : | |

_____

## ORDER

Before the Court is Defendant United Parcel Service, Inc.'s ("UPS") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 4). For the reasons stated below, the Motion is granted.

When considering a Rule 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a

right to relief above the speculative level." Twombly, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" Id. Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, Id. at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 556).

### a.  **Consideration of Plaintiff's EEOC Charge**

The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint. Fed. R. Civ. P. 12(b). However, the Court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed. Horsley v. Feldt, 204 F.3d 1125, 1134 (11th Cir. 2002).  A document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, the Court may consider such a document provided it meets the centrality requirements. Harris v. Ivax Corp., 182 F.3d 799, 802 n.2. (11th Cir. 1999).

In the present case, Plaintiff has alleged Title VII discrimination within his Complaint. Plaintiff attached his EEOC Notice of Right to Sue as an exhibit to the Complaint but did not attach his EEOC Charge of Discrimination as an exhibit. Defendant did not attach Plaintiff's EEOC Charge to Defendant's Motion to Dismiss; however Defendant did reference Plaintiff's EEOC Charge as Exhibit A to its Memorandum of Law in Support of Defendant's Motion to Dismiss.

Here, the EEOC Charge is central to the complaint because the underlying allegations are violations of Title VII discrimination. Additionally, the contents of the EEOC Charge are not in dispute by either party. Plaintiff has attached his EEOC charge as Exhibit A to his Response in Opposition to Defendant's Motion to Dismiss. Defendant has not disputed the authenticity of the EEOC Charge. Therefore, the Court will consider Plaintiff's EEOC Charge in ruling on Defendant's Motion to Dismiss.

  b. **Failure to Exhaust Administrative Remedies**

Plaintiff's claims against UPS are barred for failure to make a timely charge and complaint of discrimination. Prior to filing suit under Title VII, a plaintiff must file a timely charge with the EEOC. 42 U.S.C. § 2000e-5(f)(1). If a state has "a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice," it is a "deferral state." 29 U.S.C. § 633(b). An EEOC charge must be filed within 300 days of a discriminatory act occurring in a deferral state. 29

U.S.C. § 626(d)(2). Where the alleged discriminatory act took place in a non-deferral state, the EEOC charge must be filed within 180 days of the act. 29 U.S.C. § 626(d)(1). "For a charge to be timely in . . . Georgia, it must be filed within 180 days of the last discriminatory act." Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001).

In this case, the facts reveal that Plaintiff's EEOC charge was untimely. It is undisputed that Plaintiff lived and worked in Georgia, a non-deferral state, at the time of his discharge. Additionally, both parties concede the decision to discharge him was made in Florida, a deferral state. The alleged discrimination occurred on February 22, 2009. Plaintiff filed a charge of discrimination with the EEOC on November 9, 2009 in Florida. EEOC regulations do not require that a person file with an EEOC office in a particular state such as where they live or where their employer is based. 29 C.F.R. § 1601.13.

The applicable time limit depends on the state in which the alleged discriminatory act occurred. The location where an employment decision takes place should not be a decisive factor to determine the law applicable to claims affected by the decision. If the Court allows employers to dictate the location that governs the time limitation, employers would be able to manipulate the system by making all employment decisions in non-deferral states. Morton v. ICI Acrylics, Inc., 69 F. Supp. 2d 1038 (W.D. Tenn. 1999). This unfair advantage is also applicable to employees. An employee working in a non-deferral state should not

get the benefit of the deferral state limitations just because the employment decision was made in the deferral state. Similarly, an employee working in a deferral state is not subject to non-deferral state limitations just because the employment decision was made in the non-deferral state.

Here, Georgia's non-deferral state limitations apply. By filing 261 days after the alleged discrimination, Plaintiff failed to file a timely charge with the EEOC. Accordingly, Plaintiff failed to exhaust his administrative remedies. Defendant United Parcel Service, Inc.'s Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 4). is granted.

**SO ORDERED**, this the 27th day of March, 2012.

*s/Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

afz